1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11  CHURCH OF ALL FAITHS,                    Case No. 13-04418 JSC
12              Plaintiff,                   **ORDER TO SHOW CAUSE TO**
                                             **DEFENDANT**
13        v.
14
    DAVID BRIAN GRAY,
15
16              Defendant.
17

18        Plaintiff brought this state law unlawful detainer action against Defendant in the

19  Superior Court of California for the County of Alameda seeking to evict Defendant from real

20  property located in Oakland.  Defendant David Brian Gray, representing himself,

21  subsequently purported to remove the action to this Court on the basis of federal question

22  jurisdiction.

23        Defendant, as the party seeking removal to this federal court, bears the burden of

24  establishing that subject matter jurisdiction exists, and courts strictly construe the removal

25  statute against removal jurisdiction.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir.

26  1992).  Further, when a case is removed to federal court, the court has an independent

27  obligation to satisfy itself that it has federal subject matter jurisdiction.  *Valdez v. Allstate*

28

United States District Court
Northern District of California

United States District Court
Northern District of California

*Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004).  The Court has reviewed the Notice of Removal and has determined that federal question jurisdiction does not exist.

"Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1-1, p. 10.)  The Notice of Removal states that Plaintiff seeks to deprive Defendant of his constitutional rights; however, even if Defendant has a valid counterclaim for a civil rights violation, a counterclaim cannot provide a basis for federal question jurisdiction.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  Therefore, this Court does not have federal question jurisdiction.  *ING Bank, FSB,* 2012 WL 2077311, at *1.

Accordingly, Defendant is ORDERED to SHOW CAUSE as to why this case should not be remanded to the Alameda County Superior Court.  In particular, if Defendant believes that this Court has subject matter jurisdiction, he shall file a response in writing by **October 16, 2013** that demonstrates why this Court has jurisdiction.  Defendant is warned that his failure to file a response will result in remand of this action to state court for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated:  October 2, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2